# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0522, <u>Andrea Pilgrim & a. v. Jeffrey Blackman</u>, the court on February 23, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendant, Jeffrey Blackman, appeals a default judgment issued by the Circuit Court (<u>Swegart</u>, J.) in favor of the plaintiffs, Andrea Pilgrim and Sandra Pilgrim, on their small claim based upon the defendant's failure to attend the pretrial hearing. <u>See</u> <u>Dist. Div. R.</u> 4.4(b) (providing that attendance at pretrial hearing in small claim matter is mandatory, and that failure to attend the pretrial hearing shall result in judgment in favor of the other party). We affirm.

On appeal, the defendant claims that "nobody mailed or called about any hearing." Contrary to the defendant's argument, he has provided with his brief a copy of the hearing notice for the pretrial hearing issued by the circuit court showing that the court sent the notice to him more than three months before the hearing. The notice specifically advises, in accordance with District Division Rule 4.4(b), that the defendant's "[f]ailure . . . to attend the pre-trial hearing shall result in a judgment in favor of the" plaintiffs, and that "[a] default judgment shall not be stricken except upon a finding of good cause by the court." We note that nothing in the record suggests that the defendant moved to strike the default for good cause on the basis that he was not notified of the pretrial hearing. Additionally, the defendant has provided with his brief a copy of an order granting the plaintiffs' motion to hold the pretrial hearing telephonically, and providing the parties with a telephone call-in information for the hearing. Under these circumstances, we cannot conclude that the trial court unsustainably exercised its discretion or erred as a matter of law by entering default for the defendant's failure to attend the pretrial hearing. <u>See</u> <u>Douglas v. Douglas</u>, 143 N.H. 419, 422-25 (1999).

The defendant's remaining arguments concern the merits of whether the plaintiffs were entitled to judgment. Because we conclude that the trial court

did not err by entering default based upon the defendant's failure to attend the pretrial hearing, we need not address these arguments.

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**